IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **KEVIN AND JEIMY FLOURNOY**<br><br>And<br><br>**TINAEE D. CROWDER**<br><br>*On their behalf and on behalf of three classes of similarly situated persons*<br><br>Named Plaintiffs,<br><br>v.<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES LLC,** *et al.*<br><br>Defendants. | Case No.  8:19-cv-00407-PX |

**PLAINTIFFS' MOTION TO CERTIFY THREE CLASSES AGAINST DEFENDANTS, APPOINT NAMED PLAINTIFFS AS <u>CLASS REPRESENTATIVES AND APPOINT CLASS COUNSEL</u>**

Upon consideration of the Motion to Certify Three Classes Against Defendants, Appoint Named Plaintiffs as Class Representatives and Appoint Class Counsel a Class, Appoint Class Representatives and Class Counsel Pursuant to Fed. R. Civ. P. 23, the opposition, response, and related replies and papers and the argument of counsel before the Court, the Court makes the following findings and grants the Motion:

1. The Court finds that each requirement of Fed. R. Civ. P. 23(a) has been satisfied by the Plaintiffs in this action. There is sufficient evidence of numerosity, commonality, typicality and adequacy of the Plaintiffs as Class Representatives and their counsel as Class Counsel.

2. The Court finds that the requirements of Fed. R. Civ. P. 23(b)(2) have been satisfied. By seeking, obtaining, and thereafter collecting upon judgments without the legal right to do so, the Defendant has acted on grounds generally applicable to the class, thereby making corresponding relief with respect to the class as the whole appropriate.

3. The Court finds that the requirements of Fed. R. Civ. P. 23(b)(3) have been satisfied. The predominant issue before the Court concerns the legality of imposition and collection of property inspection fees by the defendants, directly and indirectly in violation of COM. LAW § 12-121. The Court further finds that a class action to adjudicate these claims is a superior method than individual actions.

4. The Court GRANTS the Motion and certifies the following classes of persons pursuant to Fed. R. Civ. P. 23:

- The "State Law Class" is defined as:

    Those persons in the State of Maryland for whom Rushmore has acted as a mortgage servicer on behalf of another, including RMAC and MTGLQ, within the three years before the commencement of this action, and has charged their mortgage accounts with property inspection fees and costs.

- The "FDCPA Class" is defined as:

    Those persons in the State of Maryland whom Rushmore (on its behalf and on behalf of RMAC, MTGLQ, and others) (i) acquired the mortgage servicing when the loan was in default and (ii) provided a Payoff Statement which sought to collect directly or indirectly property inspection fees in the one year before the commencement of this action.

- The "Usury Class" is defined as:

    Those persons in the State of Maryland (i) for whom Rushmore has (i) acted as a mortgage servicer on its behalf and on behalf of RMAC, MTGLQ, and others and others, and (ii) has charged their mortgage loan accounts with property inspection fees and costs and (iii) the mortgage loan accounts had

not been satisfied more than six months before the commencement of this action.

5. The Court appoints Kevin and Jeimy Flournoy and Tinaee Crowder as Class Representatives for the State Law Class and the Usury Class. The Court appoints Kevin and Jeimy Flournoy as class representatives for the FDCPA Class.

6. The Court appoints Plaintiffs' counsel, Phillip Robinson and Ingmar Goldson as Class Counsel.

7. Within 30 days of entry of this Order, Class Counsel shall prepare, in consultation with counsel for the Defendants, an Administrative Order for the Court's consideration setting forth the form and manner of notice to be sent to the Class Members and a proposed trial plan for the claims and issues remaining before the Court.

 

_____
Hon. Paula Xinis
United States District Judge